NO. 07-06-0457-CR
07-06-0458-CR
07-06-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 24, 2007
_____

DUSTIN LEE ALLEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 49,984-D, 49,985-D, 53,537-D; HONORABLE DON R. EMERSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Dustin Lee Allen, seeks appeal of his conviction in three cases.  We abate and remand for further proceedings.

In each case, appellant's notice of appeal was presented to the trial court and signed by appellant's attorney, Timothy Pirtle.  Since that time, our court has had no further communication from appellant.  Appellant has failed to file an adequate docketing statement as required under Rule 32.2 of the Texas Rules of Appellate Procedure.

Further, the trial clerk's office and the court reporter have both requested extensions of time for filing of their respective records citing appellant's failure to make a request for the record or payment arrangements.[1] See TEX. R. APP. P. 34.5(b)(2), 34.6(b)(1), 35.3.

We now abate this cause and remand it to the 320th District Court of Potter County. It is ordered that the judge of said court convene a hearing, after due notice to all parties, to determine:

1)   whether appellant desires to prosecute this appeal;

2)   whether appellant continues to be represented by Timothy Pirtle or whether counsel for appellant has abandoned the appeal;

3)   if appellant is not represented by counsel, whether appellant is indigent and, therefore, is entitled to appointed counsel and a record of the trial court proceedings free of charge.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue his appeal, is not represented by counsel and is indigent, we then further direct the court to 1) appoint counsel to assist in the prosecution of the appeal, and 2) issue an order requiring the preparation of a clerk's record in accordance with Rule 34.5 of the Texas Rules of Appellate Procedure. The name, address, phone number, fax number, and state

---

[1] The court reporter has graciously offered to prepare the reporter's record upon a request from this Court. Without knowing whether appellant wishes to continue his appeal, we must decline the reporter's invitation.

bar number of any counsel who is appointed to represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and all orders of the trial court issued as a result of its hearing on this matter and 2) a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental records to be filed with the clerk of this court on or before February 26, 2007. Should additional time be needed to perform these tasks, the trial court may request same on or before February 26, 2007.

It is so ordered.

Per Curiam